[957 NYS2d 713]

In the Matter of COLVIN C. GODDARD (Admitted as COLVIN CLEON GODDARD), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 26, 2012

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated April 27, 2011, containing four charges of professional misconduct. After a prehearing conference on January 12, 2012, and a hearing on January 26, 2012, the Special Referee issued a report, which sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. Although afforded an opportunity to respond to the motion, the respondent has not submitted any papers.

Charge one alleges that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into a complaint of professional misconduct, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On October 19, 2009, the Grievance Committee received a complaint of professional misconduct from Ruby Harrison against the respondent regarding an estate matter. By letter dated November 9, 2009, a copy of the complaint was forwarded to the respondent. He was directed to submit an answer within 10 days of receipt of the letter, and was advised that an unexcused failure to submit an answer would constitute professional misconduct, independent of the merits of the underlying complaint. The respondent submitted a written answer dated February 19, 2010, to the Harrison complaint.

By letter dated April 22, 2010, sent to the respondent's then attorney, Alfred Toussaint, Esq., the Grievance Committee requested certain documents and bank records relating to the underlying estate matter in the complaint. The respondent was

thereafter directed to appear at the offices of the Grievance Committee on June 4, 2010, for an examination under oath. On June 4, 2010, Mr. Toussaint appeared without the respondent. None of the requested documents were produced.

By letter to Mr. Toussaint dated July 26, 2010, the respondent was directed to appear at the Grievance Committee's offices on August 16, 2010, to be examined under oath about the Harrison complaint. In a letter to the Grievance Committee dated July 27, 2010, the respondent stated that he was returning to Barbados in the immediate future "to undergo a surgical procedure." Consequently, the examination under oath was rescheduled for October 21, 2010. On October 20, 2010, the Grievance Committee received a letter from the respondent, faxed by Mr. Toussaint, stating that the surgical procedure had been rescheduled for November 15, 2010. The respondent failed to appear for examination on October 21, 2010.

By letter to Mr. Toussaint dated January 3, 2011, the respondent was directed to provide the previously requested documents and bank records on or before January 12, 2011. He was also directed to provide proof of travel outside the United States in June 2010. The respondent failed to do so. In or about January 2011, Mr. Toussaint withdrew as counsel for the respondent.

By letter dated January 14, 2011, the Grievance Committee directed the respondent to appear at its offices for an examination under oath on February 3, 2011. On February 2, 2011, the respondent hand delivered to the Grievance Committee a notice of appearance from Stacey-Ann Harris, Esq. By letter dated February 4, 2011, the Grievance Committee rescheduled the examination under oath to February 10, 2011. On that date, Ms. Harris appeared without the respondent. At Ms. Harris's request, the examination was again adjourned to February 17, 2011. On February 17, 2011, the respondent appeared at the Grievance Committee's offices and handed a paper to Ms. Harris and then left without being examined and without providing an explanation for his departure.

Charge two alleges that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into a complaint of professional misconduct, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On December 17, 2010, the Grievance Committee received a complaint of professional misconduct from Gwendolyn L. Knight. By letter dated January 5, 2011, a copy of the

complaint was forwarded to the respondent. He was directed to submit an answer within 10 days of receipt of the letter, and was advised that an unexcused failure to submit an answer, or otherwise cooperate in the matter, would constitute professional misconduct, independent of the merits of the underlying complaint.

By letter dated January 14, 2011, the Grievance Committee directed the respondent to appear at its offices for an examination under oath on February 3, 2011. By that same letter, the respondent was directed to provide documentation regarding the whereabouts of $33,667 that had been entrusted to him by Ms. Knight, on or before February 3, 2011. The respondent failed to provide the requested documentation. On February 2, 2011, the respondent hand delivered to the Grievance Committee a notice of appearance from Stacey-Ann Harris, Esq. By letter dated February 4, 2011, the Grievance Committee rescheduled the examination under oath to February 10, 2011. On that date, Ms. Harris appeared without the respondent. At Ms. Harris's request, the examination was again adjourned to February 17, 2011. On February 17, 2011, the respondent appeared at the Grievance Committee's offices and handed his written answer to the Knight complaint to Ms. Harris. The respondent then immediately left without being examined and without providing an explanation for his departure.

Charge three alleges that the respondent failed to cooperate with legitimate investigations by the Grievance Committee into a complaint of professional misconduct, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In September and October 2010, the Grievance Committee, sua sponte, commenced investigations against the respondent upon receipt of four separate dishonored check reports regarding the respondent's IOLA account from the Lawyers' Fund for Client Protection. Although he was forwarded copies of the reports and directed to submit written answers within 20 days of receipt, along with six months of specified bookkeeping records from his IOLA account, the respondent failed to provide the requested written answers to these matters, and failed to provide the requested bookkeeping records. The respondent was advised with each copy of the report that was sent that unexcused failure to submit an answer, or failure to produce the requested records, would constitute professional misconduct, independent of the merits of the underlying complaint.

By letter dated January 8, 2011, the respondent requested a 90-day continuance to prepare the specified bookkeeping rec-

ords. By letter dated January 11, 2011, the Grievance Committee directed the respondent to appear at its offices for an examination under oath on February 3, 2011, with regard to the aforementioned matters. He also was directed to bring a written answer and all previously requested records and documents.

Charge four alleges that the respondent converted guardianship funds entrusted to him as a fiduciary, incident to his practice of law, to his own use and benefit, in violation of rules 1.15 (a) and (b) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On September 5, 2007, Gwendolyn L. Knight was appointed to serve as guardian of the person and property for her uncle, Wilbur Earl Durham, an incapacitated person. On or about February 6, 2008, Ms. Knight gave the respondent a check in the amount of $33,667, drawn on the guardianship account she maintained on behalf of Mr. Durham. These funds were intended to pay Mr. Durham's nursing home bill. The memo portion of the check states, "Wilbur Durham, Highland Care." On February 7, 2008, the respondent deposited this check into his law office's business checking account, at Commerce Bank (now TD Bank). Thereafter, the respondent used these funds for his own personal purposes, without Ms. Knight's knowledge or consent.

The respondent mostly denied the allegations and denied the charges, but elected not to appear at the hearing, leaving only his attorney to make an appearance. His attorney, however, called no witnesses and presented no evidence on the respondent's behalf.

Based on the evidence adduced, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

With respect to prior disciplinary history, the respondent was admonished on May 28, 2009, for engaging in an impermissible conflict of interest, for failing to safeguard funds that were entrusted to him as a fiduciary, and for failing to adequately supervise the accounting work he had delegated to a family member.

Under the totality of circumstances, in particular, the respondent's flagrant noncooperation with the Grievance Committee, as demonstrated by his nonappearance at the hearing, failure to produce any requested records, and failure to appear at scheduled examinations under oath, and his misappropriation of escrowed funds for personal use, the respondent is disbarred, effective immediately.

The respondent has communicated through his attorney that he does not contest his disbarment.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Colvin C. Goddard, admitted as Colvin Cleon Goddard, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Colvin C. Goddard, admitted as Colvin Cleon Goddard, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Colvin C. Goddard, admitted as Colvin Cleon Goddard, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Colvin C. Goddard, admitted as Colvin Cleon Goddard, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).